# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**JOHN P. SHERIDAN,**

    **Plaintiff,**

**v.**                                                                     No. CIV 98-1363 BB/WWD-ACE

**STATE OF NEW MEXICO, ROSWELL CORRECTIONAL CENTER, South Facility, MICHAEL T. APPLEGATE, LAWRENCE BARELLA, PAUL HABERLING, CHUCK DAWE, LIZ CALOOR, G. GARCIA, and DOES 1-20 inclusive,**

    **Defendants.**

## MEMORANDUM OPINION
## AND
## ORDER OF DISMISSAL

**THIS MATTER** is before the Court on the motions [Docs. 21 and 19] of Officer Michael Applegate to dismiss on statute of limitation grounds and all other Defendants on Eleventh Amendment grounds. Having reviewed all the pleadings in the case, and Plaintiff having failed to appear on October 25, 1999, for oral argument, the Court **FINDS** these motions well taken and they will be **GRANTED.**

## Discussion

### I. Applegate Motion

Plaintiff's "First Amended Complaint [for] Violation of 1983 Civil Rights Act, Banishment, False Imprisonment, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress" was filed on December 28, 1998. Michael T. Applegate was named as a Defendant for the first time in the Amended Complaint. The Amended Complaint relates to actions of State Police Officer Applegate, allegedly in violation of Plaintiff's rights, in the time period from May 8, 1994, the date Plaintiff was arrested, to at most October 28, 1994.

The United States Supreme Court has specifically held that claims brought under 42 U.S.C. § 1983 are subject to the three-year statute of limitations set forth in NMSA 1978 § 37-1-8 (1990 Repl. Pamp.). *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). Plaintiff's claims as to Defendant Applegate have been brought well past this three-year statute of limitations period.

Moreover, Plaintiff has never served Defendant Applegate. His complaint is also, therefore, subject to dismissal under Federal Rule of Civil Procedure 4. *Serlin v. Arthur Andersen & Co.*, 145 F.R.D. 494 (N.D. Ill.), *aff'd*, 12 F.3d 1101 (7th Cir. 1993).

**Other Defendants**

Defendants State of New Mexico and the Roswell Correctional Center, South Facility, are not "persons" legally subject to suit under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). In addition, the Roswell Correctional Center, South Facility, is a prison and not a suable entity. Even if the Roswell Correctional Center, South Facility, were to be considered a state agency, however, it still is not subject to the claims brought by Plaintiff. *Stump v. Gates*, 777 F. Supp. 808 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).

The basis for Plaintiff's claims against the remaining individual Defendants, Lawrence Barrella, Paul Haberling, Chuck Dawe, Liz Caloor and G. Garcia, is less clear as there is no statement as to whether they are sued personally or in their official capacity. However, the description of each of their roles in allegedly depriving Plaintiff of his civil rights makes it all but certain his intent was to sue each of them in their official capacity. *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). Absent a clear statement that officials are being sued in their personal capacities, the complaint is interpreted as including only official capacity claims.

If a plaintiff intends to sue public officials in their individual capacities or in both their official and individual capacities, he should expressly state so in the complaint. *Kolar v. County of Sangamon*, 756 F.2d 564, 568-69 (7th Cir. 1985). Named defendants, who are state officials sued in their official capacity solely, are not "persons" subject to suit under § 1983. *Will*, 491 U.S. at 58.

Defendants Does 1-20 have not been identified even though discovery has been closed since June. Claims against an unknown defendant must be dismissed if reasonable steps were not taken to learn and substitute the defendant's true identify. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).

Defendants' motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure will be granted.

**O R D E R**

For the above stated reasons and pursuant to Rules 4 and 12 of the Federal Rules of Civil Procedure, Defendants' motions to dismiss are GRANTED, and this action is DISMISSED.

**Dated at Albuquerque this 26th day of October, 1999.**


　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　**BRUCE D. BLACK**
　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**


**Counsel for Plaintiff:**

　　**John Paul Sheridan, *Pro Se*, Berry Creek, CA**

**Counsel for Defendants:**

　　**John E. DuBois, NM Legal Bureau/RMD, Santa Fe, NM**